Filed 8/8/25  In re R.A. CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re R.A. et al., Persons Coming Under the Juvenile Court Law. | |
| KINGS COUNTY HUMAN SERVICES AGENCY,<br><br>        Plaintiff and Respondent,<br><br>                v.<br><br>B.P.,<br><br>        Defendant and Appellant. | F089666<br><br>(Super. Ct. Nos. 22JD0166, 22JD0167)<br><br><br>**OPINION** |

### THE COURT*

APPEAL from an order of the Superior Court of Kings County.  Jennifer Lee Giuliani, Judge.

David M. Yorton, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Laurie Avedisian-Favini, County Counsel, and Thomas Y. Lin, Deputy County Counsel, for Plaintiff and Respondent.

---

\*        Before Detjen, Acting P. J., Meehan, J. and Snauffer, J.

-ooOoo-

Appellant B.P. (mother) is the mother of R.A. and D.A. (collectively, the children), who are the subjects of this dependency case. Mother challenges the juvenile court's order issued at a Welfare and Institutions Code section 366.26[1] hearing that resulted in her parental rights being terminated. Mother contends the court and the Kings County Human Services Agency (agency) failed to comply with their duty of inquiry under the Indian Child Welfare Act (ICWA). The agency concedes that it failed to conduct an adequate inquiry into the potential Indian ancestry of the children, and it does not oppose remand for the limited purpose of conducting further ICWA inquiry.[2] We agree with the parties and conditionally reverse the court's order terminating mother's parental rights and remand for proceedings to ensure ICWA compliance.

## FACTUAL AND PROCEDURAL BACKGROUND[3]

In September 2022, the agency filed a dependency petition alleging the children were described by section 300, subdivision (b)(1). The allegations involved domestic violence between mother and the children's father, B.A. (father). The children were taken into custody pursuant to a warrant.

At the detention hearing held on September 26, 2022, both parents were present and appointed counsel. Mother and father denied having any knowledge of Indian ancestry. Parental Notification of Indian Status forms (ICWA-020), signed by mother and father, provided no reason to believe any of the parents' lineal ancestors were members of

---

[1]    All further statutory references are to the Welfare and Institutions Code unless otherwise specified.

[2]    "[B]ecause ICWA uses the term 'Indian,' we do the same for consistency, even though we recognize that other terms, such as 'Native American' or 'indigenous,' are preferred by many." (*In re Benjamin M.* (2021) 70 Cal.App.5th 735, 739, fn. 1, disapproved on other grounds in *In re Dezi C.* (2024) 16 Cal.5th 1112 (*Dezi C.*).)

[3]    The sole issue on appeal concerns ICWA; therefore, we primarily restrict our facts to those bearing on that issue.

2.

a federally recognized tribe. The juvenile court found ICWA was not applicable and detained the children from the parents' custody. A combined jurisdiction and disposition hearing was set for October 17, 2022.

The agency's report for the jurisdiction and disposition hearing recommended the allegations in an amended petition be found true and family reunification services be provided to mother and father. The amended petition included additional allegations involving substance abuse by mother and father. The agency's family assessment indicated mother was adopted at two years of age. Mother's biological mother, Michelle F., lived in Florida, and her adoptive parents, S.P. and F.P., were both still alive. Mother briefly lived with her biological mother when she ran away from her adoptive parents at 15 years old.

The juvenile court sustained the allegations in the amended petition on October 17, 2022. Family reunification services were ordered for both parents, and a six-month review hearing was set for April 10, 2023. The children were returned to mother's custody with family maintenance services at the six-month review hearing.

Family maintenance services were continued for mother until the agency sought a protective custody warrant for the children on October 3, 2024. A supplemental petition was filed pursuant to section 387, which alleged mother was arrested for possession of a controlled substance in August 2024 and placed on an involuntary psychiatric hold in September 2024. At the detention hearing on the supplemental petition, the children were detained from mother's custody. On October 31, 2024, the juvenile court sustained the allegations in the supplemental petition, denied further reunification services, and set a section 366.26 hearing for February 20, 2025.

The agency's section 366.26 report recommended that the juvenile court terminate parental rights and order a permanent plan of adoption for the children. The ICWA status section of the report detailed the agency's discussions with several paternal relatives regarding possible Indian ancestry. Each of the paternal relatives denied having any

Indian ancestry.  Mother's friend, Gloria G., identified herself as a grandmother figure to the children, but she was not related to the children by blood.  Gloria did not believe the children had any Indian ancestry.

At the section 366.26 hearing held on February 20, 2025, the juvenile court terminated parental rights and selected a plan of adoption for the children.  The court also found ICWA was not applicable to the children.

## DISCUSSION

Mother contends the juvenile court and agency failed to adequately discharge their duty of initial inquiry by failing to inquire of the children's maternal grandmother regarding possible Indian ancestry.  The agency concedes this point, and we accept its concession.

### A.  Applicable Law

ICWA reflects a congressional determination to protect Indian children and to promote the stability and security of Indian tribes and families by establishing minimum federal standards that a state court, except in emergencies, must follow before removing an Indian child from his or her family.  (25 U.S.C. § 1902; see *In re Isaiah W.* (2016) 1 Cal.5th 1, 7–8.)  In any "proceeding for the foster care placement of, or termination of parental rights to, an Indian child, the Indian custodian of the child and the Indian child's tribe … have a right to intervene" (25 U.S.C. § 1911(c)) and may petition the court to invalidate any foster care placement of an Indian child made in violation of ICWA (25 U.S.C. § 1914; see § 224, subd. (e)).  An " 'Indian child' " is defined in ICWA as an unmarried individual under 18 years of age who is either (1) a member of a federally recognized Indian tribe, or (2) is eligible for membership in a federally recognized tribe and is the biological child of a member of a federally recognized tribe.  (25 U.S.C. § 1903(4), (8); see § 224.1, subd. (a) [adopting federal definitions].)

In every dependency proceeding, the agency and the juvenile court have an "affirmative and continuing duty to inquire whether a child is or may be an Indian

child .…'" (Cal. Rules of Court, rule 5.481(a);[4] see § 224.2, subd. (a); *In re W.B.* (2012) 55 Cal.4th 30, 53; *In re Gabriel G.* (2012) 206 Cal.App.4th 1160, 1165.)  The continuing duty to inquire whether a child is or may be an Indian child "can be divided into three phases:  the initial duty to inquire, the duty of further inquiry, and the duty to provide formal ICWA notice."  (*In re D.F.* (2020) 55 Cal.App.5th 558, 566.)

The initial duty to inquire arises at the referral stage when the reporting party is asked whether it has "any information that the child may be an Indian child."  (§ 224.2, subd. (b)(1).)  Once a child is received into temporary custody, the initial duty to inquire includes asking the child, parents, legal guardian, extended family members, and others who have an interest in the child whether the child is, or may be, an Indian child. (§§ 224.2, subd. (b), 306, subd. (b).)  The juvenile court has a duty at the first appearance of each parent to ask whether they "know or have reason to know that the child is an Indian child."  (§ 224.2, subd. (c).)  The court must also require each parent to complete form ICWA-020.  (Rule 5.481(a)(2)(C).)

Next, a duty of further inquiry arises when the agency or the juvenile court has "reason to believe" the proceedings involve an Indian child but "does not have sufficient information to determine that there is reason to know that the child is an Indian child .…" (§ 224.2, subd. (e).)  As recently clarified by the Legislature, a "reason to believe" exists when the court or agency "has information suggesting that either the parent of the child or the child is a member or citizen, or may be eligible for membership or citizenship, in an Indian tribe."  (*Id.*, subd. (e)(1).)

If there is a reason to believe an Indian child is involved, the juvenile court or the agency "shall make further inquiry regarding the possible Indian status of the child, and shall make that inquiry as soon as practicable."  (§ 224.2, subd. (e).)  Further inquiry includes, but is not limited to, "[i]nterviewing the parents, Indian custodian, and extended

---

[4]     All further references to rules are to the California Rules of Court.

family members," and contacting the Bureau of Indian Affairs, the State Agency of Social Services, and the tribes and any other person who may have information. (§ 224.2, subd. (e)(2)(A)–(C).)

The final duty component arises when the juvenile court or agency has " 'reason to know' " the child is an Indian child. (*In re D.F.*, *supra*, 55 Cal.App.5th at p. 567.) A "reason to know" exists if one of the following circumstances is present: "(1) A person having an interest in the child … informs the court that the child is an Indian child[;] [¶] (2) The residence … of the child [or] the child's parents … is on a reservation or in an Alaska Native village[;] [¶] (3) Any participant in the proceeding … informs the court that it has discovered information indicating that the child is an Indian child[;] [¶] (4) The child … gives the court reason to know that the child is an Indian child[;] [¶] (5) The court is informed that the child is or has been a ward of a tribal court[; or] [¶] (6) The court is informed that either parent or the child possess[es] an identification card indicating membership or citizenship in an Indian tribe." (§ 224.2, subd. (d)(1)–(6).)

If the juvenile court makes a finding that proper and adequate further inquiry and due diligence have been conducted and there is no reason to know whether the child is an Indian child, the court may make a finding that ICWA does not apply, subject to reversal if the court subsequently receives information providing reason to believe the child is an Indian child. If the court receives such information, it must direct the social worker or probation officer to conduct further inquiry. (§ 224.2, subd. (i)(2).)

### B. Standard of Review

We review the juvenile court's finding that there is no reason to know whether a child is an Indian child under a substantial evidence standard, and the court's finding that the agency has conducted a proper and adequate inquiry and due diligence for abuse of discretion. (*In re K.H.* (2022) 84 Cal.App.5th 566, 600–601; *In re Ezequiel G.* (2022) 81 Cal.App.5th 984, 1004–1005.)

Regarding the juvenile court's discretion in evaluating the agency's inquiry efforts, this court explained in *K.H.*, "so long as the agency conducts a reasonable inquiry and documents its results, the juvenile court will have the room to exercise its discretion in determining whether the agency's efforts are sufficient to satisfy the mandates of ICWA and related California law." (*In re K.H.*, *supra*, 84 Cal.App.5th at p. 604.) "The agency's inquiry must extend far enough to reasonably ensure that if there is information the child is or may be an Indian child, that information is gathered." (*Ibid*.)

An inadequate inquiry requires conditional reversal of the juvenile court's order terminating parental rights with directions to the child welfare agency to conduct an adequate inquiry, supported by record documentation. (*Dezi C.*, *supra*, 16 Cal.5th at p. 1136.)

### C. Analysis

Pursuant to its duty under section 224.2, the agency asked mother, father, and several paternal relatives whether they had Indian ancestry. Each of the individuals denied having any Indian ancestry. However, there is no documentation of any inquiry of mother's extended family. Mother identified the name and location of her biological mother. She also explained that her adoptive parents were still living, and she provided each of their names to the agency. Based upon this information, the juvenile court found ICWA was not applicable for the children. However, the agency was required under section 224.2, subdivision (b) to ask available extended family members about the children's possible Indian ancestry.

Extended family members include adults who are the children's stepparents, grandparents, siblings, brothers- or sisters-in-law, aunts, uncles, nieces, nephews, and first or second cousins. (25 U.S.C. § 1903(2); § 224.1, subd. (c).) Given the agency's concession, we accept that the children's biological maternal grandmother was readily available for an inquiry. Under the circumstances, we conclude the agency did not fulfill its statutory duty of inquiry. (§ 224.2, subd. (b).)

7.

As a result, the juvenile court's finding that ICWA did not apply was not supported by substantial evidence that the agency conducted an adequate, proper, and duly diligent inquiry, and its contrary conclusion was an abuse of discretion. Thus, we conditionally reverse and remand in light of our Supreme Court's recent decision, which determined that "error resulting in an inadequate initial Cal-ICWA inquiry requires conditional reversal with directions for the child welfare agency to comply with the inquiry requirement of section 224.2, document its inquiry in compliance with rule 5.481(a)(5), and when necessary, comply with the notice provision of section 224.3." (*Dezi C.*, *supra*, 16 Cal.5th at p. 1136.)

## DISPOSITION

The juvenile court's order terminating mother and father's parental rights is conditionally reversed. The matter is remanded to the court for the limited purpose of ensuring compliance with the inquiry and documentation provisions set forth in section 224.2 and rule 5.481. If, after determining that a proper, adequate, and duly diligent inquiry was made, the court concludes that ICWA does not apply, then the court shall reinstate its order terminating mother and father's parental rights. If, instead, the court concludes that ICWA applies, then the court shall proceed in conformity with ICWA and Cal-ICWA.